UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Denise Davis, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Synerprise Consulting Services, Inc., | |
| Defendant. | |

**Nature of Action**

1. Denise Davis ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Texas consumers whose private, debt-related information Synerprise Consulting Services, Inc. ("Defendant") disclosed to an unauthorized third party, in connection with the collection of consumer debts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a

1

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which are applicable here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited May 31, 2021).

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of the creditor to whom a debt is allegedly owed, the name of an original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

10. This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11. Upon information and belief, Defendant routinely provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12. Plaintiff therefore seeks relief for herself and on behalf of similarly situated Texas consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

**Parties**

13. Plaintiff is a natural person who at all relevant times resided in Fort Bend County, Texas.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the

---

[2] See https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749.

subject of the transaction were incurred primarily for personal, family, or household purposes—namely, medical debt (the "Debt").

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Defendant is a corporation with its principal office located in Mission, Kansas.

18. Defendant's website touts that "[Defendant] is a debt collection agency that only works for healthcare providers. [Defendant] works for hospitals, medical billing companies, Doctors and many other medical providers to help them recover unpaid billings from patients."[3]

19. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Defendant identified itself as a debt collector in correspondence to Plaintiff.

23. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

24. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

25. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district.

---

[3] *See* http://www.synerpriseconsulting.com/about-us/ (last visited September 2, 2021).

**Factual Allegations**

26.  On or about June 7, 2021, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

27.  A true and correct copy of the June 7, 2021 communication to Plaintiff is attached, in redacted form, as Exhibit A.

28.  The June 7, 2021 letter disclosed the balance of the Debt. Ex. A.

29.  The June 7, 2021 letter disclosed the medical nature of the debt. Ex. A.

30.  The June 7, 2021 letter identified the medical creditors to whom Defendant alleged the Debt is and was owed. *Id*.

31.  The June 7, 2021 letter identified additional information regarding the Debt, including the date of the medical service, account and file numbers, as well as Plaintiff's home address. *Id*.

32.  The return address on the June 7, 2021 letter is listed as a P.O. Box in Linden, Michigan.

33.  Defendant does not have a Michigan address.

34.  The return address on the June 7, 2021 communication does not, therefore, match Defendant's address.

35. The return address on the June 7, 2021 letter has previously been associated with a variety of entities other than Defendant, including Miracle Financial, Inc.,[4] Merchants & Medical Credit Corporation,[5] and Aldous & Associates.[6]

36. Defendant did not print the June 7, 2021 letter.

37. Defendant did not mail the June 7, 2021 letter.

38. Rather, Defendant, in connection with the collection of the Debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

39. A third-party mail vendor printed the June 7, 2021 letter.

40. A third-party mail vendor mailed the June 7, 2021 letter to Plaintiff.

41. Plaintiff did not provide Defendant prior express consent to communicate, in connection with the collection of the Debt, with any third-party mail vendor.

42. Plaintiff did not provide Defendant prior express consent to share any information about the Debt with any third-party mail vendor.

43. Defendant has a contractual relationship with a third-party mail vendor to print and mail debt collection letters.

---

[4] https://www.bbb.org/us/mi/linden/profile/financial-services/miracle-financial-inc-0332-53003740 (last visited Sept. 2, 2021).

[5] https://www.bbb.org/us/mi/flint/profile/collections-agencies/merchants-medical-credit-corporation-0332-26000106 (last visited Sept. 2, 2021).

[6] https://www.classaction.org/media/patton-v-aldous-associates.pdf at 5 (last visited Sept. 2, 2021).

44. Defendant, in connection with the collection of the Debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other details regarding the Debt, to a third-party mail vendor.

45. As of June 7, 2021, there was no judgment against Plaintiff regarding the Debt.

## Class Action Allegations

46. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Texas address to which Synerprise Consulting Services, Inc. sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (b) that was prepared, printed, or mailed by a third-party vendor, (c) where Synerprise Consulting Services, Inc. provided the third-party vendor with information contained in the mailed communication in the one year preceding the date of this complaint through the date of class certification.

47. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

48. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

49. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

50. The class is ascertainable because it is defined by reference to objective criteria.

51. In addition, upon information and belief, the names and addresses of all members of the class can be identified through business records maintained by Defendant.

52. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

53. To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Defendant—the sending of personal, private information regarding alleged debts to a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

54. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

55. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

57. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

58. There will be no unusual difficulty in the management of this action as a class action.

59. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

60. Among the issues of law and fact common to the class:

    a. Defendant's violations of the FDCPA as Plaintiff alleges;

    b. whether Defendant is a debt collector as defined by the FDCPA;

    c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

    d. the availability of declaratory relief;

    e. the availability of actual damages and statutory penalties; and

    f. the availability of attorneys' fees and costs.

61. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 61 above.

63. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

64. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, Plaintiff's home address, and the alleged creditor, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

65. The harm Plaintiff suffered is particularized in that the violative initial debt collection letter at issue was sent to her personally and regarded the Debt.

66. And the violation of Plaintiff's right not to have her private information shared with third parties is a concrete injury sufficient to confer standing.

67. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection

practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy*.") (emphasis added).

68. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading her privacy. *See, e.g., In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (invasion of right to privacy sufficient to confer standing).

69. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about her debt.

70. Moreover, Plaintiff suffered reputational harm as a result of Defendant sharing her private, debt-related information with a third party, including by Defendant disclosing in the first instance that Plaintiff is an alleged debtor.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: September 3, 2021                Respectfully submitted,

/s/ Aaron D. Radbil
Aaron D. Radbil
Texas Bar No. 24094090
Alexander D. Kruzyk (to seek admission)
Texas Bar No. 24117430
GREENWALD DAVIDSON RADBIL PLLC
401 Congress Avenue, Suite 1540
Austin, TX 78701
Tel: (512)-803-1578
aradbil@gdrlawfirm.com
akruzyk@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*